## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

PAUL H. MARTIN, III
1747 Alley Corner Road
Clayton, DE 11938,

TRAVELERS INDEMITY CO                    Civil Action  No:
OF AMERICA
385 Washington Street, St. Paul,
Minnesota 55102
                         Plaintiff        JURY TRIAL DEMANDED

          v.

ANDREAS STIHL AG & CO. KG
Badstrasse 115
71336  Waiblingen
Neustadt
Germany,
             and
STIHL INC.
536 Viking Drive
Virginia Beach, VA 23452,
             and
UNITED RENTALS, INC.
5 Greenwich Office Park
Greenwich, CT 06831,
                    Defendants

### COMPLAINT


### JURY TRIAL DEMANDED

And  now  comes  the  plaintiff,  Paul  H.  Martin,  III,  by  and  through  undersigned

counsel, as and for his Complaint and hereby states as follows:

### PARTIES

1.      Plaintiff, Paul  H.  Martin,  III,  is  an  individual  residing  in  Clayton,  Kent

County, Delaware.

2.     At all times relevant hereto, Paul H. Martin, III was employed as a laborer by George & Lynch, Inc., a company located in New Castle County, Delaware.

3.     Travelers Indemnity Company of America (hereinafter "Travelers") is a business entity organized and existing under the laws of the State of Minnesota, with its headquarters located at 385 Washington Street, St. Paul, Minnesota 55102, and is duly authorized to issue policies of insurance in the State of Delaware.

4.     At all times relevant hereto, Travelers provide workers' compensation insurance to George & Lynch, Inc.

5.     Pursuant to the Delaware Workers' Compensation Statute, Travelers has a statutory right to bring this action on behalf of the above named plaintiff.

6.     Defendant Andreas Stihl AG & Co. KG, is a foreign corporation with its principal place of business located at Badstrasse 115, 71336 Waiblingen, Neustadt, Germany.

7.     Defendant Stihl, Inc. is a Virginia corporation with its principle place of business located at 536 Viking Drive, Virginia Beach, Virginia, 23452.

8.     Hereinafter, Andreas Stihl AG & Company KG and Stihl Corporation will be referred to collectively as "the Stihl defendants."

9.     At all times relevant hereto, the Stihl defendants conducted regular and continuous business with individuals and entities located in the State of Delaware.

10.    The Stihl defendants regularly and continuously engaged in the marketing and sale of products to businesses located in Delaware, directly and through its distributors.

11.     The Stihl defendants regularly and continuously sold products to individuals and entities that they knew, or should have known, were and are likely to resell the products to purchasers in Delaware.

12.     The Stihl defendants regularly and continuously manufactured and sold various products, including power tools, for use in the construction industry and other industries with the knowledge and intention that such products would be used in the State of Delaware by citizens of the State of Delaware.

13.     United Rentals, Inc. is a Connecticut corporation with its principle place of business located at 5 Greenwich Office Park, Greenwich, Connecticut 06831.

14.     Hereinafter, defendant United Rentals, Inc. will be referred to as "United."

15.     At all times relevant hereto, United conducted regular and continuous business with individuals and entities located in the State of Delaware.

16.     United regularly and continually engaged in the marketing of its products to businesses located in Delaware.

17.     At all times relevant hereto, United sold various products, including power tools and circular saw blades, for use in the construction industry and other industries with the knowledge and intention that such products would be used in the State of Delaware by citizens of the State of Delaware.

## JURISDICTION AND VENUE

18.     This Court has jurisdiction over the parties and the subject matter of this action pursuant to 28 U.S.C. § 1332 in that the action is between citizens of different states

and foreign nations and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

19.     This Court has personal jurisdiction over the Stihl defendants because this action arises from the sale and distribution of a Stihl Model TS400 hand held cut off saw to entities located in the state of Delaware, and because, as set forth more fully above, the Stihl defendants regularly and continuously engage and engaged in conduct within the State of Delaware.

20.     This Court has personal jurisdiction over United because this action arises from the sale and distribution of a circular saw blade within the State of Delaware, and because, as set forth more fully above, United regularly and continuously engages in conduct within the State of Delaware.

21.     Venue is proper in the United States District Court for the District of Delaware pursuant to 28 U.S.D.C. § 1391 (a) because the events and acts and omissions giving rise to this claim occurred in Dover, Delaware.

## GENERAL ALLEGATIONS

22.     At all times relevant hereto, Paul H. Martin, III (hereinafter "Plaintiff Martin") was working within the course and scope of his employment at a construction project located in Dover, Delaware.

23.     On June 8, 2005, Plaintiff Martin was operating a Stihl Model TS400 hand held cut off saw, when suddenly, and without warning, the saw kicked back and struck him in the face, causing serious and permanent injuries to his face, nose, mouth and chin.

24. The saw was designed, manufactured, sold and distributed by the Stihl defendants.

25. At all times relevant, Paul H. Martin, Jr. was the father of Plaintiff Martin and an employee at George & Lynch, Inc.

26. On November 12, 2004, Paul Martin, Jr., father and co-employee of Plaintiff Martin, was acting within the scope and course of his employment when he purchased from Defendant United the circular saw blade used at the time of the accident on June 8, 2005.

27. As a result of the injuries sustained by Plaintiff Martin, Travelers was required to provide workers' compensation benefits including payments of medical bills and lost wage compensation.

28. It is believed that Travelers will continue to pay statutory workers' compensation benefits for a significant time period pursuant to Delaware's Workers' Compensation Statute.

29. In addition to the workers' compensation benefits paid, Plaintiff Martin has sustained significant pain, suffering, humiliation, and a loss of life's pleasures, and will continue to suffer, pain, suffering, humiliation and a loss of life's pleasures in the future.

30. As a result of the foregoing accident, Plaintiff Martin has significant and permanent scars across his face.

31. As a result of the foregoing incident, Plaintiff Martin has sustained lost wages and will continue to sustain lost wages for a significant time into the future.

32. The aforementioned damages sustained by the plaintiff are the direct and proximate result of negligence, breach of warranty and other liability placing conduct of defendants, acting jointly or severely, as more fully set forth below.

33. The plaintiff hereby demands a trial by jury on all counts herein.

## COUNT I
## PAUL H. MARTIN, III v. ANDREAS STIHL AG & CO. KG and STIHL, INC.
## NEGLIGENCE

34. Plaintiff incorporates herein by reference the allegations set forth in the preceding paragraphs 1 through 33 above as though more fully set forth at length herein.

35. At all times relevant hereto, the saw was used in a reasonably foreseeable manner and for the purpose for which it was intended to be used at the time it was manufactured and sold by the Stihl defendants.

36. At all times relevant hereto, the saw was being used in accordance with the instructions provided.

37. The saw was designed, manufactured and sold by the Stihl defendants in an unreasonably dangerous and defective condition such that it would be virtually impossible for the saw operator to react and/or to avoid sustaining serious physical harm in the event of a kickback occurring during the normal use of the saw.

38. The saw was designed, manufactured and sold in an unreasonably dangerous and defective condition in that the speed and force of the blade rotation was unreasonably dangerous and likely to cause injury to anyone who operated the saw.

39. The saw was designed, manufactured and sold in an unreasonably dangerous and defective condition in that it was likely to strike the operator in the face and was likely to cause serious and permanent injuries.

40. The saw was designed, manufactured and sold in an unreasonably dangerous and defective condition in that it did not include warnings that the saw could not be safely used to cut concrete and other similar materials and that, in the event of a

kickback, the operator would be unable to protect himself from sustaining immediate serious injuries.

41. Plaintiff Martin relied upon defendants to manufacture and sell the saw in a condition that was not defective and unreasonably dangerous for its intended use.

42. The aforesaid accident and damages sustained by Plaintiff Martin were the direct and proximate result of the negligence, carelessness and/or liability producing conduct of the Stihl defendants, individually, jointly and severely, including negligent acts and/or omissions of such defendants as performed by and through their agents, employees and/or servants, more specifically described as follows:

a. Failing to exercise reasonable care in the performance of their duties in the design, manufacture, sale and/or distribution of the circular saw;

b. Failing to perform proper and adequate testing of the product to insure that it could be operated safely before selling and distributing the product for use;

c. Failing to provide a proper, complete and adequate warning concerning the safe use of the product and the catastrophic injuries likely to occur in the event of a kickback;

d. Designing, manufacturing and selling a saw that was defective such that the blade rotated with such speed and force that an operator would be unable to react and avoid being struck by the saw in the event of a kickback; and

e. Designing, manufacturing and selling a saw which was defective in that there was nothing to prevent an operator from being struck by the saw in the event that a reasonably foreseeable kickback occurred.

43.    As a result of the negligence of the defendant, Paul H. Martin sustained the injuries and damages described more fully above.

**WHEREFORE**, Plaintiff Paul H. Martin, III, demands judgment against the Stihl defendants individually and/or jointly and severely for compensatory damages, plus pre-judgment and post-judgment interest, costs of suit, attorney's fees, and such other relief as this Court deems appropriate under the circumstances.

**COUNT II**
**PAUL H. MARTIN, III v. ANDREAS STIHL AG & CO. KG & STIHL, INC.**
**BREACH OF WARRANTY**

44.    Plaintiff incorporates herein by reference the allegations set forth in the preceding paragraphs 1 through 43 as though more fully set forth at length herein.

45.    At the time of the contract for sale and/or distribution of the aforementioned saw, the Stihl defendants had reason to know the particular purpose for which the aforementioned saw would be used or would foreseeably be used and knew that their skill and judgment were being relied upon to furnish a safe and suitable product.

46.    The Stihl defendants breached the implied warranty of fitness for particular purpose as set forth in the Delaware Uniform Commercial Code (hereinafter "DUCC"), 6 Delaware C. Section 2-315, in that the aforementioned saw was not fit for the particular purpose for which it was acquired and intended to be used.

47.    Defendants breached the implied warranty of fitness for a particular purpose under DUCC Section 2-315 as follows:

a.    Failing to properly perform, record, publish, review and/or act upon testing concerning the forces involved in the event of a kickback while using the saw;

    b.    Failing to exercise reasonable care in the performance of their duties in the design, manufacture, sale and/or distribution of the saw;

    c.    Failing to provide adequate, reasonable and necessary warnings and instructions of the inherent dangers of the saw as described more fully above; and

    d.    Designing, manufacturing and selling a saw that was unreasonably dangerous and defective such that it was likely to strike the operator in the face without warning.

48.    In addition, the Stihl defendants, and each of them, breached the implied warranty of merchantability as set forth in DUCC, 6 Delaware C. Section 2-314(2) in that the aforementioned saw was not fit for the ordinary use for which it had been purchased and used.

49.    The defendants breached the implied warranty of merchantability under DUCC Section 2-314(2) as follows:

    a.    Failing to properly perform, record, publish, review and/or act upon testing concerning the forces involved in the event of a kickback while using the saw;

    b.    Failing to exercise reasonable care in the performance of their duties in design, manufacture, sale and/or distribution of the saw;

    c.    Failing to provide adequate, reasonable and necessary warnings and instructions of the inherent dangers of the saw as described more fully above;

    d.    Designing, manufacturing and selling a saw that was unreasonably dangerous and defective such that it was likely to strike the operator in the face without warning.

50.    The Stihl defendants breached any and all express warranties made or relating to the saw that became part of the basis of the bargain for sale and purchased the item in derogation of DUCC, 6 Delaware C. Section 2-313.

51.    Defendants breached the expressed warranties under DUCC Section 2-313 as follows:

    a.    Providing warnings and instructions that misled the operator into believing that he or she would have time to react to avoid being struck in the event of a kickback of the saw;

    b.    Indicating through warnings and instructions that the saw could be used safely for its intended purpose, even in the event of a kickback during the ordinary use of the saw.

52.    Plaintiff's damages, as set forth above, occurred as a direct and proximate result of the defendant's breach of their implied warranty of fitness for a particular purpose under DUCC Section 2-315, implied warranty of merchantability under DUCC Section 2-314(c) and/or as a result of defendant's breaches of their express warranties of DUCC Section 2-313.

53.    The saw that was designed, manufactured and sold by the Stihl defendants was not of merchantable quality, and was unfit, unsafe and unusable for the ordinary and foreseeable purposes for which it was intended to be used for the reasons set forth more fully above.

54.    Plaintiff has not breached any of his obligations to defendant and has met all conditions precedent for recovery herein.

55.    As a result of such breaches on the part of the Stihl defendants, Plaintiff Paul H. Martin, III sustained the injuries and damages described more fully above.

**WHEREFORE,** Plaintiff Paul H. Martin, III demands judgment against the Stihl defendants individually and/or jointly and severely for compensatory damages, plus pre-judgment and pre-judgment interests, costs of suit, attorney's fees, and such other relief as this Court deems appropriate under the circumstances.

## COUNT III
## PAUL H. MARTIN, III v. UNITED RENTALS, INC.
## NEGLIGENCE

56.    Plaintiff incorporates herein by reference the allegations set forth in the preceding paragraphs 1 through 55 as though more fully set forth at length herein.

57.    On or about November 12, 2004, Paul H Martin, Jr., the father and co-employee of Plaintiff Martin, while working in the course and scope of his employment for plaintiff's employer, George & Lynch, Inc, purchased saw blades from United Rental at 8014 Bay Road, Frederick, DE.

58.    At the time that he purchased the saw blades, Paul H Martin, Jr., father and co-employee of Plaintiff Martin, specifically asked the employee representative of defendant United for blades that would be suitable for use on a Stihl TS400 cut off saw.

59.    Paul H. Martin, Jr., father and co-employee of Plaintiff Martin, was given a circular saw blade that was manufactured and sold for the purpose of cutting wood and was

told by the employee of defendant United that the blade was appropriate for use on the Stihl cut off saw.

60.     The aforesaid accident and damages sustained by Plaintiff Martin were the direct and proximate result of the negligence, carelessness and/or liability producing conduct of United, including negligent acts and/or omissions of such defendant as performed by and through their agents, employees and/or servants, more specifically described as follows:

a.     Failing to exercise reasonable care in the sale and/or distribution of the circular saw blade;

b.     Failing to perform proper and adequate testing of the circular saw blade to insure that it could be operated safely before selling and distributing the product for use;

c.     Failing to provide a complete and adequate warning concerning the safe use of the product and the catastrophic injuries likely to occur in the event of a kickback;

d.     Recommending a circular saw blade designed for cutting wood when the defendant knew, or should have known, the blade was to be used to cut concrete.

e.     Failing to provide adequate training to its employees regarding which circular saw blades were designed to cut concrete.

f.     Providing improper advice to the general public regarding how the circular saw blade could be used without the requisite and necessary knowledge to do so.

61.    As a result of the aforesaid negligence of the defendant, Plaintiff, Paul H.
Martin, III sustained the injuries and damages described more fully above.


**WHEREFORE,** Plaintiff Paul H. Martin, III demands judgment against the Stihl
defendants individually and/or jointly and severely for compensatory damages, plus pre-
judgment and pre-judgment interests, costs of suit, attorney's fees, and such other relief as
this Court deems appropriate under the circumstances.


**COUNT IV**
**PAUL H. MARTIN, III v. UNITED RENTALS, INC.**
<u>**BREACH OF WARRANTY**</u>

62.    Plaintiff incorporates herein by reference the allegations set forth in the
preceding paragraphs 1 through 61 as though more fully set forth at length herein.

63.    At the time of the contract for sale and/or distribution of the aforementioned
saw, United had reason to know the particular purpose for which the aforementioned
circular saw blade would be used or would foreseeably be used, and knew their skill and
judgment were being relied upon to furnish a safe and suitable product.

64.    United breached the implied warranty of fitness for a particular purpose as
set forth in the Delaware Uniform Commercial Code (hereinafter "DUCC"), 6 Del. C.
Section 2-315, in that the aforementioned circular saw blade was not fit for the particular
purpose for which it was acquired and intended to be used.

65.    United breached the implied warranty of fitness for a particular purpose
under DUCC Section 2-315 as follows:

a.     Failing to exercise reasonable care in the performance of their duties in the sale and/or distribution of the aforementioned circular saw blade;

b.     Failing to provide adequate, reasonable and necessary warnings and instructions of the inherent dangers of the use of the circular saw blade as described more fully above; and

c.     Recommending a circular saw blade designed for cutting wood knowing that the particular purpose the blade was intended and acquired for was for cutting concrete.

66.     In addition, United breached the implied warranty of merchantability as set forth in DUCC, 6 Del. C. Section 2-314(2) in that the aforementioned saw was not fit for the ordinary use for which it had been purchased and used.

67.     The defendant breached the implied warranty of merchantability under DUCC Section 2-314(2) as follows:

a.     Failing to exercise reasonable care in the performance of their duties in the sale and/or distribution of the aforementioned circular saw blade;

b.     Failing to provide adequate, reasonable and necessary warnings and instructions of the inherent dangers of the use of certain types of circular saw blades on cut off saws; and

c.     Recommending and providing a circular saw blade that was not appropriate for use on cut off saws and was likely to increase the risk of kick-back.

68.     United breached any and all express warranties made or related to the circular saw blade that became part of the basis for the bargain for sale and purchased the item in derogation of DUCC, 6 Del. C. Section 2-313.

69.    United breached the express warranties under DUCC Section 2-313 as follows:

    a.    Indicating through instructions that the circular saw blade could be used on a Stihl cut off saw, and

    b.    Providing such improper and unsafe blade.

70.    Plaintiff Martin's damages, as set forth above, occurred as a direct and proximate result of the defendant's breaches of the implied warranty of fitness for a particular purpose under DUCC Section 2-315, the implied warranty of merchantability under Section 2-314(c), and the defendant's breaches of its express warranties and derogation of DUCC Section 2-313.

71.    The circular saw blade which was sold by United was not of merchantable quality, and was unfit, unsafe and unusable for the purposes for which it was intended to be used for the reasons set forth more fully above.

72.    Plaintiff has not breached any of his obligations to defendant and has met all conditions precedent for recover herein.

73.    As a result of the negligence of the defendant, Plaintiff, Paul H. Martin, III, sustained the injuries and damages described more fully above.

**WHEREFORE**, Plaintiff Paul H. Martin, III hereby demands judgment against United individually and/or jointly and severely for compensatory damages, plus pre-judgment and post-judgment interests, cost of suit, attorney's fees, and such other relief as this Court deems appropriate under the circumstances.

NOLTE AND ASSOCIATES

BY: _____

R. STOKES NOLTE
DE BAR NO.: 2301
ATTORNEYS FOR PLAINTIFFS
1010 NORTH BANCROFT PARKWAY
SUITE 21
WILMINGTON, DE 19805
(302) 777-1700

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS Paul H. Martin III | DEFENDANTS Andreas Stihl AG & Co KG |
|---|---|
| **(b)** County of Residence of First Listed Plaintiff _Kent_<br>(EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant _____<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED |
| **(c)** Attorney's (Firm Name, Address, and Telephone Number) R. Stokes Nolte<br>Nolte Associates  302 777 1700<br>1010 N. Bancroft Pkwy Suk 21 Wilm, DE 19805 | Attorneys (If Known) |

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☐ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant
☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)

(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☒ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury - Med. Malpractice<br>☒ 365 Personal Injury - Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts |
| **REAL PROPERTY** | | | **LABOR** | **SOCIAL SECURITY** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 440 Other Civil Rights | **PRISONER PETITIONS**<br>☐ 510 Motions to Vacate Sentence<br>**Habeas Corpus:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc Security Act | ☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 28 USC 1332

Brief description of cause: Personal Injury / Product Liability

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 6-7-07

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. __ **0 7 - 3 6 3** _____

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ___**3**___ COPIES OF AO FORM 85.

JUN 0 7 2007
_____
(Date forms issued)

_____
(Signature of Party or their Representative)

S. Stowell
_____
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action